## 30685. BARNETT v. MOBLEY.

INGRAM, Justice.

Injunctive relief was sought by three taxpayers in Polk Superior Court against the tax commissioner, the sheriff, and other officers of Polk County to prohibit a property tax levy by the sheriff on their property. The original complaint attacked the levies because the amount of real property levied on was excessive compared to the amount of taxes claimed by the tax authorities. After extensive negotiations with these plaintiffs, and about 50 other taxpayers who desired to intervene in the litigation, an agreement was entered into between the plaintiffs, the other taxpayers who desired to intervene, and the defendants.

The agreement provided for the taxpayers to pay the

taxes claimed by the tax authorities to the clerk of the court and for the levies against their properties to be canceled. These monies paid in to the clerk were to be disbursed upon the last occurrence in time of several named events including "Final judgment or decree and exhaustion of appeal and certiorari remedies or termination of time for exercise of appeal and certiorari remedies in [this case]." The agreement between the parties was then approved by the trial judge and incorporated in an order of the court. The additional taxpayers then formally moved to intervene in the case and the original plaintiffs attempted to amend their original complaint to make various attacks on the validity of the taxing procedures in the county.

Thereafter, the defendants moved to deny the intervention sought by the additional taxpayers and also moved to strike the plaintiffs' amendment to their original complaint on the basis of res judicata (a prior suit having been decided). These motions were granted by the trial court on July 19, 1974. Neither of these rulings was a final judgment appealable under Code Ann. § 6-701 (a) 1 and could not be reviewed on appeal prior to a final judgment in the case without a certificate from the trial judge to authorize an interlocutory appeal. See *Henderson v. Atlanta Transit System,* 233 Ga. 82 (210 SE2d 4) (1974), and Code Ann. § 6-701.

On January 28, 1975, the trial judge signed an order which was properly filed with the clerk of the superior court on that date. See Code Ann. § 81A-158. This order disposed of all the remaining issues in the case and set aside the tax levies on the property, which was the relief that the plaintiffs had prayed for in their original complaint. This was a final judgment under Code Ann. § 6-701 (a) 1 and no appeal was taken from this order. On August 7, 1975, the trial judge granted defendant's motion to disburse the funds held by the clerk of the court pursuant to the earlier agreement which had been approved by the court. The only appeal filed in this case is from this order of disbursement.

The appellant taxpayers enumerate as error numerous decisions of the trial judge prior to the entry of the final judgment on January 28, 1975. The failure to

perfect a timely appeal within 30 days of entry of this judgment makes those decisions unappealable and this court cannot consider them. Several other enumerations of error relate to the failure of the trial court to permit the entire record in this case to be transmitted to this court. These have been mooted by the entry of an order by this court directing the clerk of the superior court to transmit the omitted portions of the record and these have been reviewed and considered by this court.[1]

The remaining enumerations of error all concern the disbursement of the fund held by the clerk of the court pending a final judgment in the superior court case. Appellants contend that the August 7, 1975, order, authorizing disbursement of the monies held by the clerk, had the legal effect of reopening the final judgment of January 28, 1975, and thus extended the statutory time to appeal the entire case within 30 days after August 7, 1975. We do not agree with this contention as this order was in a separate proceeding which had as a condition precedent the termination of all appellate procedures available after rendition of a final judgment in the main case.

A separate problem raised is whether the trial court should have held an evidentiary hearing to determine whether all conditions precedent to disbursement of the monies held by the clerk had occurred. It is unclear from the record how much notice appellants received and whether a hearing was held for this purpose. However, appellants make no contention that the conditions precedent to an authorized disbursement have not occurred except for those issues which they sought to raise by the amendment to their complaint. This amendment was stricken by the trial court and is not before us in this appeal. We have determined that those issues are not reviewable in this appeal and are no longer in the case. Because they would constitute the only arguable basis for requiring an evidentiary hearing, it is unnecessary to decide whether appellants should have received an

---

[1]See Supreme Court Rule 11 (a) and Code Ann. § 6-808 (a).

evidentiary hearing before a final disbursement of these monies was ordered.

*Judgment. affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1976 — DECIDED APRIL 6, 1976.

*Marson G. Dunaway, Jr.,* for appellants.
*Gammon & Anderson, Wayne W. Gammon,* for appellees.